**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

**CIVIL ACTION NO. 5:26-CV-77-JHM**

**CHRISTOPHER ROBINSON** **PLAINTIFF**

**v.**

**SHERIFF TYLER DEARMOND, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Christopher Robinson filed the instant *pro se* action. This matter is before the Court on initial review of the complaint [DN 1] pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the instant action will be dismissed.

**I.**

Plaintiff sues Christian County Sheriff Tyler Dearmond; Commonwealth Attorney Richard Boling; Rutherford County, Tennessee, Sheriff's Office Detective Ty Downing; and Christian County Sheriff's Office Detective Ricky Burgess. Plaintiff alleges in total as follows:

> The plaintiff was incarcerated in the Christian County Jail. He was on work release on a valid court order that was issued by Judge J. Foster Cotoff, which the Judge issued a court order expressly ordered that the plaintiff not to leave the confines of Christian County, Todd, or Trigg County nor travel outside the Commonwealth of Kentucky. Despite this order and without a hearing or order from Judge Cotoff, Sheriff Tyler DeArmond, working with Rutherford County TN. sheriff's department and proceeded to remove the plaintiff from his job site location and transport him into the State of Tennessee without the benefit of an extradition hearing, which is a constitutional issue. He was removed from the confines of his court ordered work release program and taken without doing so legally which is basically tantamount to kidnapping him and driving him in restraints to Nashville, Tennessee where they received a telephone call and they were ordered to return him to Christian County Kentucky Jail.

[DN 1-1]. As relief, Plaintiff seeks damages and the Court to correct his records.

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the Court must review the complaint and dismiss it, or any portion of it, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

**III.**

Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations

found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under the standard accrual rule, the limitations period starts when "the plaintiff has a complete and present cause of action." *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021). By contrast, courts sometimes apply the "discovery" rule, under which the limitations period starts when the plaintiff "knows of" or "should have known of" the cause of action. *Id*.

Thus, the statute of limitations starts to run either "when the plaintiff has a complete and present cause of action" (the "standard" rule) or "when the plaintiff discovered (or should have discovered) the cause of action" (the "discovery" rule). *Id.* (quoting *Rotkiske v. Klemm*, 589 U.S. 8, 12–15 (2019)).[1] In *Dibrell*, the Sixth Circuit declined to decide which rule to apply to the plaintiff's excessive-force claims because the claims "would be untimely either way." *Id*.

The Court finds that the same is true of Plaintiff's claims. A review of Plaintiff's state extradition case, *Commonwealth v. Robinson*, Criminal Action No. 21-F-00907 (Christian County),[2] reflects that the alleged unlawful attempted transport of Plaintiff from Christian County, Kentucky, to Rutherford County, Tennessee, occurred on October 13, 2021. Plaintiff obviously knew the alleged unlawful transport occurred on that date and, therefore, he had complete cause of action on that date. Plaintiff then had until October 13, 2022, at the latest, to bring this claim

[1] Though the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

[2] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

against Defendants. Plaintiff did not bring this action until March 2026, over three years after the statute of limitations expired for these claims. Thus, Plaintiff's claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted. *See*, *e.g.*, *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**IV.**

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: August 25, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014